years from 1904 to 1909, in 16 different paragraphs. Upon the concessions of the defendant and our consideration of the papers, the order appealed from should be modified as follows: In the paragraph marked 1 thereof, the words "and circumstances" and the whole paragraph after the word "fourth" should be stricken out. All of paragraph marked 2 should be stricken out. The words "times" "and circumstances" should be stricken out of paragraphs marked 3, 4, 5, 6, 7, and 8. The words "and circumstances" should be stricken out in paragraph 9. The words "and circumstances" and the words "and describe each and every of the unknown women with whom such acts of adultery are alleged to have been committed" should be stricken out in paragraph 10. Strike out all of paragraph 11, and insert in lieu thereof, upon the defendant's consent, "Strike out of the seventh paragraph of the amended answer the words 'or with a woman whose name is unknown to the defendant.'" Strike out the whole paragraph 12, and insert in lieu thereof, upon consent, the following: "Strike out of the eighth paragraph of the answer the words 'or with a woman whose name is unknown to the defendant.'" Strike out paragraph 13 of the order, and in lieu thereof insert the following: "Strike out in paragraph 19 of the answer the words 'and with one or more women whose names are unknown to the defendant,' and specify with greater definiteness the times of commission of the acts of adultery alleged in said paragraph." Strike out all of paragraph 14 of the order, and insert in lieu thereof the following: "Strike out of paragraph 20 of the answer the words 'and with one or more women whose names are unknown to defendant,' and specify with definiteness and certainty the times and places of the commission of the acts of adultery alleged in said paragraph." Strike out all of paragraph 15 of the order. As so modified, the order is affirmed, without costs to either party.

PATTERSON, Appellant, v. MEYERHOFER, Respondent. (Supreme Court, Appellate Division, Second Department. April 22, 1910.) Action by Benjamin Patterson against Anna Meyerhofer. No opinion. Judgment affirmed, with costs.

PAUSE v. WILLIAMS. (Supreme Court, Appellate Divsion, First Department. November 5, 1909.) Action by William Pause against Sidney Williams. See memo. per curiam. See, also, 122 N. Y. Supp. 392.

PEOPLE v. BAILEY. (Supreme Court, Appellate Division, First Department. April 15, 1910.) Proceeding by the People of the State of New York against Albert W. Bailey. With this case has been consolidated in this court cases bearing titles as follows: People v. Angelo Caluccine; People v. Giovanni Fiore; People v. Joseph Fuchs and Edward H. Strauss (see, also, 118 N. Y. Supp. 1130). No opinions. Motions to dismiss appeals granted. Orders filed.

PEOPLE, Respondent, v. BAUM, Appellant. (Supreme Court, Appellate Division, First Department. March 24, 1910.) Proceeding by the People of the State of New York against Rosie Baum. I. Schneider, for appellant. R. C. Taylor, for the People. No opinion. Judgment affirmed. Order filed.

PEOPLE, Respondent, v. BEARD, Appellant. (Supreme Court, Appellate Division, Third Department. March 25, 1910.) Proceeding by the People of the State of New York against Albert J. Beard. No opinion. Judgment and order affirmed.

PEOPLE, Respondent, v. BERGEN, Appellant. (Supreme Court, Appellate Division, Second Department. April 22, 1910.) Proceeding by the People of the State of New York against John C. Bergen. No opinion. Judgment of conviction of the Court of Special Sessions affirmed.

PEOPLE v. BIDDISON. (Supreme Court, Appellate Division, First Department. March 31, 1910.) Proceeding by the People of the State of New York against Samuel M. Biddison. No opinion. Motion for reargument denied. Order filed. See, also, 121 N. Y. Supp. 129.

PEOPLE v. BELLANDO. (Supreme Court, Appellate Division, First Department. April 29, 1910.) Proceeding by the People of the State of New York against Alesandro Bellando, surety, etc. No opinion. Motion granted. Question certified as stated in order. Order filed.

PEOPLE v. BRADLEY. SAME v. MERINDA. (Supreme Court, Appellate Division, First Department. March 11, 1910.) Proceedings by the People of the State of New York against Chauncey B. Bradley and against Michael Merinda. No opinions. Motions to dismiss appeals granted. Orders filed. See, also, 120 N. Y. Supp. 1140.

PEOPLE, Respondent, v. BROWER, Appellant. (Supreme Court, Appellate Division, Second Department. May 6, 1910.) Proceeding by the People of the State of New York against Harry Brower. No opinion. Judgment of conviction of the County Court of Kings County affirmed.

JENKS, J., dissents.

PEOPLE, Respondent, v. CASSESSI, Appellant. (Supreme Court, Appellate Division, First Department. April 29, 1910.) Proceeding by the People of the State of New York against Cecelia Cassessi. J. Weber, for appellant. R. C. Taylor, for the People. No opinion. Judgment affirmed. Order filed.

PEOPLE v. DIETZ. (Supreme Court, Appellate Division, First Department. March 31, 1910.) Proceeding by the People of the State

of New York against Edward Dietz. No opinion. Motion to dismiss appeal granted. Order filed.

PEOPLE v. DURAND. In re BARTOLICIUS. (Supreme Court, Appellate Division, First Department. March 11, 1910.) Proceeding by the People of the State of New York against Alphonse Durand. In the matter of Emil Bartolicius. A. Knox, for appellant. R. C. Taylor, for the People. No opinion. Order affirmed. Order filed.

PEOPLE v. GHIGGERI. (Supreme Court, Appellate Division, First Department. April 15, 1910.) Proceeding by the People of the State of New York against Gennaro Ghiggeri. No opinion. Motion to dismiss appeal granted, unless appellant comply with terms stated in order. Order filed.

PEOPLE, Respondents, v. HALE, Appellant. (Supreme Court, Appellate Division, Second Department. April 22, 1910.) Proceeding by the People of the State of New York against William H. Hale. No opinion. Appeal withdrawn in open court. See, also, 136 App. Div. 664, 121 N. Y. Supp. 473.

PEOPLE v. LUPO. (Supreme Court, Appellate Division, First Department. April 15, 1910.) Proceeding by the People of the State of New York against Patrick Lupo. No opinion. Motion to dismiss appeal granted, Order filed.

PEOPLE v. RIPANDELLO. (Supreme Court, Appellate Division, First Department. March 18, 1910.) Proceeding by the People of the State of New York against Joseph Ripandello. No opinion. Motion denied. Order filed. See, also, 134 App. Div. 952, 118 N. Y. Supp. 1130; 133 App. Div. 897, 118 N. Y. Supp. 1132.

PEOPLE v. SCHARFF. (Supreme Court, Appellate Division, First Department. May 20, 1910.) Appeal from Court of General Sessions, New York County. Joseph Scharff was convicted of seduction, and he appeals. Reversed, and defendant discharged. Charles Goldzier, for appellant. Robert S. Johnstone, for the People.

PER CURIAM. The district attorney, upon the appeal in this action, stated that in consequence of the opinion of the Court of Appeals (198 N. Y. 110, 91 N. E. 376) he suggested to the court to reverse the judgment and discharge the prisoner. In view of that suggestion, the judgment appealed from is reversed, and the defendant discharged.

PEOPLE v. SCHMIDT. (Supreme Court, Appellate Division, First Department. March 31, 1910.) Proceeding by the People of the State of New York against Charles Schmidt. No opinion. Motion to dismiss appeal granted. Order filed.

PEOPLE ex rel. AMERICAN EXCH. NAT. BANK, Appellant, v. PURDY et al., Com'rs, Respondents. (Supreme Court, Appellate Division, First Department. March 18, 1910.) Proceeding by the People of the State of New York, on the relation of the American Exchange National Bank, against Lawson Purdy and others, as Commissioners, etc. J. C. Palmer, for appellant. W. H. King, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 132 App. Div. 931, 117 N. Y. Supp. 1144.

PEOPLE ex rel. KEATING et al. v. BINGHAM. (Supreme Court, Appellate Division, First Department. April 29, 1910.) Proceeding by the People of the State of New York, on the relation of William Keating and others, against Theo. A. Bingham. No opinion. Motion granted.

PEOPLE ex rel. LA CHICOTTE v. STEVENSON, Com'r. (Supreme Court, Appellate Division, First Department. April 29, 1910.) Appeal from Special Term, New York County. Proceeding by the People of the State of New York, on the relation of Henry A. La Chicotte, against James W. Stevenson, as Commissioner, etc. From an order directing that Kingsley L. Martin, as Commissioner, etc., be added as a party defendant, relator appeals. Modified and affirmed. See, also, 57 Misc. Rep. 64, 108 N. Y. Supp. 160. J. Quintus Cohen, for appellant. Theodore Connoly, for respondent.

PER CURIAM. The order appealed from should be modified, by striking out the paragraph ordering "that Kingsley L. Martin, commissioner of bridges of the city of New York, be and he hereby is added as a party defendant, for the purpose of receiving the check in payment of costs and disbursements to be taxed, the proceeds of said check to be deposited by said Kingsley L. Martin in the treasury of the city of New York," and inserting in lieu thereof that Kingsley L. Martin, commissioner of bridges of the city of New York, be and he hereby is substituted in the place of James W. Stevenson as defendant herein, and, as so modified, affirmed, without costs. Settle order on notice.

PEOPLE ex rel. METROPOLITAN ST. RY. CO., Appellant, v. STATE BOARD OF TAX COM'RS, Respondent. (Supreme Court, Appellate Division, Third Department. March 25, 1910.) Proceeding by the People of the State of New York, on the relation of the Metropolitan Street Railway Company, against the State Board of Tax Commissioners. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. GOURLEY et al. (Supreme Court, Appellate Division, Second Department. March 31, 1910.) Proceeding by the People of the State of New York, on the relation of the New York Central & Hudson River Railroad Company, against James Gourley and others. No opinion. Motion for leave to appeal to the